[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT LAVERNE BROWN'S MOTION FOR ARTICULATION, DATED JUNE 17, 1992, AND PLAINTIFF'S MOTION FOR RECONSIDERATION/ARTICULATION DATED JUNE 15, 1992
Defendant, Laverne Brown asks the court to articulate its reason for concluding that Exhibits B and C do not need to comply with the Home Improvement Act or the Home Solicitation Act. Exhibit B, an agreement for housing rehabilitation, was drawn up by the City of Hartford. Exhibit C which was an "additional work authorization" was also drawn up by the City of Hartford. Exhibit B provides that the work to be performed at the home of Laverne Brown is to be paid for by federal funds which have been provided to the City. Exhibit C is merely a change order so that additional work may be performed. The court finds that Section 20-428 of the Connecticut General Statutes exempts municipalities from the requirements concerning home improvement contracts. Accordingly, these agreements do not violate the Connecticut Home Improvement Act.
Defendant, Laverne Brown also asks the court to articulate its reason for concluding that Exhibit F complies with the Home Improvement Act and the Home Solicitation Sales Act. After CT Page 7370 reconsideration, the court concludes that Exhibit F does not comply with the provisions of the Home Improvement Act and the Home Solicitation Act. The Home Improvement Act (Section 20-429
of the Connecticut General Statutes) provides in pertinent part as follows:
 "(a) No home improvement contract shall be valid or enforceable against an owner unless it: . . . (7) contains a starting date and completion date . . ." Exhibit F does not contain a starting date and completion date.
Defendant, Laverne Brown also seeks an articulation in regard to its ruling on her counterclaim. In the first count she failed to establish that the plaintiff failed to complete the work in a workmanlike manner. In the second count, she failed to establish that she suffered an ascertainable loss. In the third count she failed to sustain her burden of proving a CUTPA violation. Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810,818-820.
The plaintiff in his motion for reconsideration/motion for articulation seeks interest and attorney's fees as allowed by Exhibit F. In light of the court's ruling that Exhibit F fails to comply with The Home Improvement Act, this request is denied.
In light of the above, the court amends the judgment as follows:
On Count One, judgment may enter for defendant Laverne Brown on plaintiff's complaint, and against Laverne Brown on Counts One, Two, and Three of her counterclaim.
On Count Two, judgment may enter for the plaintiff against the City of Hartford for $20,150.00, together with costs.
ALLEN, J.